HOAG v. EDWARDS et al.

(Supreme Court, Equity Term, Erie County.   October 7, 1910.)

1. CORPORATIONS (§ 388\*)—ULTRA VIRES ACTS—RIGHT TO COMPLAIN.

Where, after the term for which a corporation was originally organized had expired, it maintained an unchallenged de facto organization, a stockholder, suing the directors for damages from the sale of realty in alleged fraud of the corporation, but not to avoid the conveyance, recognizes the corporate existence, and is estopped to question, because of such expiration, its corporate acts otherwise valid.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1562–1564; Dec. Dig. § 388.\*]

2. CORPORATIONS (§ 629\*)—DISSOLUTION—RIGHT OF STOCKHOLDER TO INDIVIDUAL SHARE OF ASSETS.

A stockholder has no right to an individual share of the assets on the winding-up of the business of a corporation, but has only the right to participate in the proceeds of a sale.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2478–2481; Dec. Dig. § 629.\*]

3. CORPORATIONS (§ 439\*)—POWER TO SELL CORPORATE PROPERTY.

At common law neither the directors nor a majority of the stockholders have power to transfer all the property of a going prosperous corporation, as against the dissent of a single stockholder; but a majority vote of the stockholders for the sale of the corporate property and the closing of the business would be sufficient authority for such act, where the corporation was without available capital and without the means of procuring it, with their de jure corporate existence at an end, and the further prosecution of their business unprofitable, if not impracticable, and no right of creditors interfering.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1774; Dec. Dig. § 439.\*]

4. CORPORATIONS (§ 180\*)—POWER OF MAJORITY STOCKHOLDERS.

A single minority stockholder has no right in law to set his judgment against the judgment of his associates, and dictate the policy of the corporation within its corporate powers, but impliedly agrees that the will

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the majority shall govern in all matters coming within the limits of the charter or act of incorporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 665-673; Dec. Dig. § 180.*].

Action by Harvey Hoag, suing on behalf of himself and the Acme Land Company, etc., against James M. Edwards and others, to recover damages for sale of real property by corporate directors in fraud of the corporation. Complaint dismissed on the merits.

George D. Judson, for plaintiff.

William Carter (E. A. Nash, of counsel), for defendants Edwards and others.

POUND, J. This is the usual form of stockholders' action brought in the right of the corporation. Plaintiff sues to recover the value of certain lands, as damages alleged to have been sustained by the corporation, and, through it, by plaintiff, by reason of the sale by the directors, with authority of a majority of the stockholders, of the corporate realty, as it is claimed, for a grossly inadequate consideration and in fraud of the corporation.

The corporation was organized in the year 1889 to purchase, and did purchase, a tract of about 34 acres of land near the city of Buffalo, to be cut up into building lots and sold. It bought on a rapidly rising market; but, after a few lots were sold, the bottom dropped out of the real estate market for such lots, and traffic in them entirely ceased. The stockholders had put over $33,000 into the land, and it was still incumbered for about $7,000. The term for which the corporation was originally organized had expired in the year 1899, although, as it maintained an unchallenged de facto existence and organization, plaintiff, at least, is estopped to question its corporate acts, otherwise valid, on that ground; for he brings this suit as a stockholder, thereby recognizing the corporate existence, to recover damages, not to avoid the conveyance. A sale of the entire tract was had in the year 1904 on no other consideration than that the grantees would assume and pay the liens on the land. This was at the rate of about $200 per acre, a small fraction of the purchase price. Plaintiff owned about one-eighth of the capital stock when the conveyance was made, and he alone dissented from the action of the stockholders and directors, first, because a proposition on his part to participate in the transfer of the land from the corporation to the extent of his proportionate share of the capital stock on consideration of his assuming his proportionate share of the liens was not accepted; secondly, because, as he claims, the property was unlawfully and unnecessarily sold as a whole, and not held for sale as lots, according to the original corporate purpose; thirdly, because the consideration was grossly inadequate and the corporation was thereby defrauded.

As to the first proposition, the directors and the other shareholders, having no desire to carry the property themselves, might well consider it inexpedient to seek purchasers for an undivided seven-eighths of the property on these terms, leaving plaintiff a tenant in common to the

extent of his proportionate share interest. A stockholder has no right to an individual share of the assets on the winding up of the business, but only a right to participate in the proceeds of a sale.

As to the second proposition, it may be said that at common law neither the directors nor a majority of the stockholders have power to sell or otherwise transfer all the property of a going prosperous corporation, able to achieve the objects of its creation, as against the dissent of a single stockholder. This doctrine is firmly established by the authority of adjudged cases, and rests upon the soundest principles. But, upon the facts found in the case before us, we see no reason to doubt that the vote of the majority of the stockholders for the sale of the corporate property, and the closing of the business of the corporation, was justified by the condition of their affairs. Without available capital, and without the means of procuring it, and with their de jure corporate existence at an end, the further prosecution of their business would be unprofitable, if not impracticable. Under these circumstances, no rights of creditors interfering, it was in furtherance of the purposes of the corporation to pay their debts and close their affairs on terms deemed most advantageous to them. Skinner v. Smith, 134 N. Y. 240, at page 250, 31 N. E. 911. The state has ratified and approved the conveyance as the corporate act of an existing corporation (Laws 1910, c. 320); but that act has no effect on this action.

As to the third proposition, which is the vital one in this case, as the property stood at the time of the sale, it had no present market value beyond its value as a single tract of land not very advantageously situated. Its speculative value had, for the time, wholly vanished. The interest and the costs and expenses of a foreclosure sale, added to the amount remaining due and unpaid on the mortgage, would in all probability have absorbed all the company's equity, and quite possibly have resulted in a deficiency judgment against it. It does not appear that an additional dollar could have been borrowed on the company's credit, and it had practically no assets outside of the land. The judgment of the stockholders in making the sale, instead of hanging on, may or may not have been poor. Enough to say that the case is devoid of proof that they acted in fraud of the company or of plaintiff. On the contrary, they seem to have acted after careful deliberation, at a large sacrifice to themselves, and in the exercise of their honest judgment.

The holding price or valuation of lots which could not be sold is not satisfactory evidence of the market value of this tract in the midst of a long period of depression, and it is on such values that plaintiff's case rests. Defendants were fully justified in resting their case on acreage values, rather than on lot values. The company made a bad investment. Their speculation failed. Their equity had little or no value. The natural impulse of the majority was to see the speedy end of a disappointing deal.

A single minority stockholder has no right in law to set his judgment against the judgment of his associates and dictate the policy of the corporation within its corporate powers. The majority has no right to act fraudulently or oppressively against him, but he impliedly

agrees that the will of the majority shall govern in all matters coming within the limits of the charter or act of incorporation.

Plaintiff has failed to make out a case under the well-established rules of law controlling here, and his complaint must be dismissed on the merits. Submit requests to find and prepare decision accordingly.